UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE: YASMIN AND YAZ (DROSPIRENONE) ) 3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND ) MDL No. 2100
PRODUCTS LIABILITY LITIGATION )
_____ ORDER

**This Document Relates to:**

*Rhonda Adair v. Bayer Corp., et al.* No. 3:10-cv-10733-DRH-PMF

*Isabel Arenas v. Bayer HealthCare Pharmaceuticals, Inc.*, et al. No. 3:10-cv-11599-DRH-PMF

*Julie Bellgowan v. Bayer Corp., et al.* No. 3:10-cv-10836-DRH-PMF

*Heather Calderwood v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-11776-DRH-PMF

*Jasmine Conner v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-11772-DRH-PMF

*Brooke Croneberger v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-11771-DRH-PMF

*Deborah Flemings v. Bayer Corp., et al.* No. 3:10-cv-11377-DRH-PMF

*Bertha Grace v. Bayer Corp., et al.* No. 3:10-cv-11434-DRH-PMF

*Angelina Jackson v. Bayer Corp., et al.* No. 3:10-cv-11383-DRH-PMF

*Jamila Jones v. Bayer Corp., et al.* No. 3:10-cv-11551-DRH-PMF

*Myrna Nunez v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-12068-DRH-PMF

*Michelle Ray v. Bayer Corp., et al.*  No. 3:10-cv-11416-DRH-PMF

*Ashley Robinson v. Bayer Corp., et al.*  No. 3:10-cv-11317-DRH-PMF

*Amy Sheaffer v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-10936-DRH-PMF

*Belinda Sipes v. Bayer Corp., et al.*  No. 3:10-cv-11362-DRH-PMF

*Ruby Smith v. Bayer Corp., et al.*  No. 3:10-cv-11364-DRH-PMF

*Laura Thomas v. Bayer Corp., et al.*  No. 3:10-cv-11388-DRH-PMF

*Caprice White v. Bayer Corp., et al.*  No. 3:10-cv-11385-DRH-PMF

*Angela Wilhoite v. Bayer Corp., et al.*  No. 3:10-cv-11408-DRH-PMF

*Kelly Youhas v. Bayer Corp., et al.*  No. 3:10-cv-11405-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[1]  Bayer contends that the Plaintiffs in the above-captioned

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date

matters were required to serve a completed PFS on or before November 15, 2010 (*see Adair,* 3:10-cv-10733,Doc. 5 n. 1, Doc. 5-1 and Doc. 5-2) but have not done so.[2]

Under Section E of CMO 12, **Plaintiffs were given 14 days from the date of Defendant's motion**, in this case 14 days from February 4, 2011, to file a response either certifying that they served upon Defendants and Defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.[3]

---

of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, is whichever is later."

[2] On February 4, 2011, Bayer filed multiple identical motions to dismiss for failure to comply with the PFS requirements ("February 4th motion to dismiss). The February 4th motion to dismiss sought dismissal of 48 member actions, however, the motion was only *filed* in 44 of the 48 member actions. Thus, four of the member actions Bayer is asking the Court to dismiss (*Salvo,* 3:10-cv-10970; *Saylor,* 3:10-cv-1091; *Skaggs,* 3:10-cv-11517; and *Young,* 3:10-cv-20339) do not have a motion to dismiss pending. The Court will not consider dismissing these four member actions until a motion to dismiss has been filed in the appropriate member action. Further**,** Bayer subsequently withdrew its motion to dismiss in 24 of the 48 member actions identified in the February 4th motion to dismiss *see e.g., Arborio,* 3:10-cv-11085). Accordingly, for the reasons discussed above, only 20 of the 48 member actions identified in the February 4th motion to dismiss presently have dismissal motions pending. In this Order, the Court addresses the motions to dismiss pending in these 20 member actions (i.e., the above captioned member actions). For the purpose of brevity, when discussing the contents of February 4th motion to dismiss the Court cites to the motion and related exhibits filed in *Adair,* 3:10-cv-10733, namely Docs 5, 5-1, and 5-2.

[3] Responses to Bayer's motion to dismiss were due 14 days from February 4, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules,**

To date, only one Plaintiff in the above captioned member actions has filed a response.  On February 16, 2011, Plaintiff Laura Thomas (*Thomas,* 3:10-cv-11388) responded to the motion to dismiss stating that she served a completed PFS on February 14, 2011 (*Thomas,* 3:10-cv-11388 Doc. 7).  Bayer replied on February 17, 2011 acknowledging receipt of the PFS but arguing that the PFS is not "substantially complete" as required under CMO 12 § C (*Thomas,* 3:10-cv-11388 Doc. 8).  Bayer provides the Court with a detailed list of deficiencies in Plaintiff Thomas's PFS submission, including but not limited to failure to answer any questions regarding family medical history, incomplete and inadequate answers to questions regarding personal medical history, and failure to produce *any* medical records.  **In light of the substantial deficiencies in Plaintiff Thomas's PFS submission, the Court finds that Plaintiff Thomas has failed to comply with her PFS obligations under CMO 12**.

**As to the remaining Plaintiffs in the above captioned member actions, because the Plaintiffs have failed to respond, in any way, to Bayer's allegations, the Court finds that these Plaintiffs have also failed to comply with the PFS obligations under CMO 12**.

---

**Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").**  The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

Accordingly, the Court hereby **ORDERS** as follows:

The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

**SO ORDERED**

/s/ David R. Herndon
2011.02.22 18:06:02 -06'00'

**Chief Judge**　　　　　　　　　　　　　　　　　　　　　　Date: February 22, 2011
**United States District Court**